# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAY PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE BRAZIER,<br><br>　　　　Defendant. | Case No.  1:13-cv-01141-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　　On July 15, 2013, William Jay Price ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

　　　　Plaintiff's Complaint is now before the Court for screening.

**I.  SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff is currently housed at Coalinga State Hospital, where the events at issue in his Complaint occurred. Plaintiff names Stephanie Brazier, a clinician at Coalinga State Hospital, as the sole defendant in this action. Plaintiff alleges that Defendant Brazier violated his Fourteenth Amendment right to adequate medical care.

Plaintiff's allegations are as follows:

Plaintiff receives treatment for his mental health problems at Coalinga State Hospital. As part of his treatment he attends various group therapy sessions. Defendant Brazier was the supervising clinician for one of his treatment groups. Defendant Brazier harassed and demeaned Plaintiff in front of the treatment group. She also filed a false report that Plaintiff had misbehaved while attending therapy sessions. As a result, Plaintiff decided to discontinue Defendant Brazier's group therapy sessions. Brazier's false reports and Plaintiff's inability to attend her therapy

sessions could prevent him from being released from Coalinga State Hospital in a timely fashion.

Plaintiff requests $1 in actual damages and $50,000 in punitive damages. He also requests a temporary restraining order directing that he be allowed to leave the therapy group run by defendant and directing that defendant stop interacting with Plaintiff, stop writing notes about him, stop discussing him with other staff, stop refusing to place him in one of the hospital's program, and stop interfering with his life generally.

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B.  Fourteenth Medical Care Claim

Plaintiff alleges that Defendant Brazier violated his right to adequate medical care under the Fourteenth Amendment.

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d

918, 931 (9th Cir.2004) (quoting Youngberg, 457 U.S. at 321–22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243–44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment."  Youngberg, 457 U.S. at 321.  A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base [his or her] decision on such a judgment."  Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness.  Youngberg, 457 U.S. at 324.  "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made."  Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

Plaintiff has failed to state a Fourteenth Amendment medical care claim against Defendant Brazier.  Plaintiff's primary claim is that Defendant Brazier violated his rights by not interacting properly with him during group therapy sessions and, in the course thereof, also violated Ethical Principles of Psychologists and the Code of Conduct issued by the American Psychological Association Ethics Office.

Plaintiff provides no authority for the proposition that a failure to comply with professional ethical requirements such as alleged here gives rise to a constitutional violation and a civil rights action.  The Court is unaware of any such authority.

4

Allegations of harassment, though disturbing, are alone insufficient to state a Fourteenth Amendment claim. A viable Fourteenth Amendment claim in such circumstances necessitates the pleading of facts to show that Defendant Brazier substantially departed from accepted professional judgment, practice, or standards. Plaintiff provides no such facts upon which the Court could find that Defendant Brazier's actions amounted to such substantial departures.

Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should provide more details about his interactions with Defendant Brazier (i.e., what actions are statements by Plaintiff preceded her comments, what she said, what reasons she gave for what she said, and explain why her conduct amounted to a significant departure from accepted professional judgment, practice, or standards. Plaintiff must allege facts; simply making conclusory allegations or citing to ethical principles is not sufficient to state a claim.

### C.     **Injunctive Relief**

Plaintiff seeks injunctive relief. He requests a temporary restraining order directing that he be allowed to leave the therapy group run by defendant and directing that defendant to stop interacting with Plaintiff, stop writing notes about him, stop discussing him with other staff, stop refusing to place him in one of the hospital's program, and stop interfering with his life generally.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim.

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff fails to suggest a real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Plaintiff has failed to satisfy this element.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed July 15, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 26, 2013         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE