# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAY PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE BRAZIER,<br><br>　　　　Defendant. | Case No.  1:13-cv-01141-MJS<br><br>ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 14<br><br>CLERK SHALL CLOSE CASE |

　　　　On July 15, 2013, William Jay Price ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

　　　　The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, but gave leave to amend.  (ECF Nos. 1, 11.)  Plaintiff has filed a First Amended Complaint.  (Am. Compl., ECF No. 14.)  Plaintiff's First Amended Complaint is now before the Court for screening.

**I.**　　**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II.     PLAINTIFF'S CLAIMS

Plaintiff is currently housed at Coalinga State Hospital, where the events at issue in his Complaint occurred.  Plaintiff names Stephanie Brazier, a clinician at Coalinga State Hospital, as the sole defendant in the action.  Plaintiff alleges that Defendant Brazier did not follow certain American Psychological Association ethical principles and thereby violated his Fourteenth Amendment right to adequate medical care.

Plaintiff's allegations are summarized as follows:

Plaintiff receives treatment for his mental health problems at Coalinga State Hospital.  As part of his treatment he attends various group therapy sessions. Defendant Brazier was the supervising clinician for one of his treatment groups. Defendant Brazier harassed and demeaned Plaintiff in front of the treatment group.

She also falsely reported that Plaintiff had misbehaved while attending therapy sessions. As a result, Plaintiff stopped attending Defendant Brazier's group therapy sessions. After Plaintiff filed this action, Defendant Brazier halted Plaintiff's individual counseling sessions with L. Noomani and had Plaintiff transferred to another unit.

Plaintiff requests $50,000 in actual damages and $100,000 in punitive damages. He also requests that Defendant Brazier be permanently enjoined from interacting with him, writing notes about him, discussing him with staff, refusing to drop him from a group, or interfering with his actions or freedom.

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Fourteenth Medical Care Claim

Plaintiff alleges that Defendant Brazier violated his right to adequate medical care under the Fourteenth Amendment.

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals

whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir.2004) (quoting Youngberg, 457 U.S. at 321–22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243–44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base [his or her] decision on such a judgment." Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

Plaintiff has again failed to state a Fourteenth Amendment medical care claim against Defendant Brazier.

Plaintiff's primary claim is that Defendant Brazier violated his rights by not properly interacting with him in group therapy and, in the course thereof, also violated professional ethical obligations of psychologists. Despite being advised of the need to do so, Plaintiff again fails to provide any authority for the proposition that a failure to comply with professional ethical requirements such as alleged here gives rise to a

4

constitutional violation and a civil rights action. The Court is unaware of any such authority. Allegations of harassment, though disturbing, are alone insufficient to state a Fourteenth Amendment claim. A viable Fourteenth Amendment claim in such circumstances necessitates the pleading of facts to show that Defendant Brazier substantially departed from accepted professional judgment, practice, or standards. Plaintiff provides no such facts upon which the Court could find that Defendant Brazier's actions amounted to such substantial departures.

Plaintiff previously was given notice of deficiencies in his pleading in this regard and advised of what was necessary to correct them. His failure to correct them is evidence he cannot. No useful purpose would be served by once again giving him such notice and another opportunity to do that which he has here failed to do. He will be not be given further leave to amend this claim.

### C. First Amendment – Retaliation Claim

Plaintiff alleges that Defendant Brazier retaliated against him after he filed this action by cancelling his individual therapy sessions and transferring him to another unit. The Court will lay out the standard for a retaliation claim and then separately analyze each of these actions under the same.

#### 1. Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310,

1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prong, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

2. Cancellation of Therapy Sessions

Plaintiff alleges Defendant Brazier cancelled his individual counselling sessions in retaliation for filing this current action.

Plaintiff's allegations are sufficient to meet several of the elements required for a cognizable First Amendment claim. Plaintiff has established the first element for a

retaliation claim because cancelling individual therapy sessions could be considered an adverse action. He has also met the third element because filing a civil rights action, such as the one before the Court, is a protected action under the First Amendment. Plaintiff has alleged sufficient facts to satisfy the fourth prong because cancelling Plaintiff's individual therapy sessions could chill a person from pursuing First Amendment activities.

Plaintiff has failed to establish the second or fifth prongs required for a cognizable First Amendment claim. Plaintiff fails to allege that Defendant Brazier had a retaliatory motive when she cancelled Plaintiff's sessions with L. Noomani. Plaintiff also fails to affirmatively allege that Defendant Brazier's actions were not intended to advance a legitimate correctional goal. Plaintiff has attached copies of emails between Defendant Brazier and L. Noomani. (Am. Compl. at 45-47.) In the emails, Defendant Brazier states that she wanted Plaintiff's counselling sessions with L. Noomani to stop because Plaintiff was sexually preoccupied with L. Noomani, not because of Plaintiff's legal action. (Id.) Defendant Brazier had a legitimate reason for ending the counselling sessions. Plaintiff has not established the second or fifth prongs necessary for a retaliation claim.

Plaintiff has failed to state a retaliation claim against Defendant Brazier for ending his counselling sessions with L. Noomani. For the same reasons as set forth above with regard to Plaintiff's medical care claim, further leave to amend is denied.

### 3. Transfer to Another Unit

Plaintiff also fails to state a cognizable retaliation claim against Defendant Brazier arising from her decision to transfer Plaintiff to another unit. Plaintiff fails to satisfy the first and fifth criteria for such a claim. First, there is no basis for concluding the transfer constituted an adverse action. As a result of the transfer Plaintiff now has a psychologist he likes, and he believes that he is making progress towards his eventual release. (Am. Compl. at 15.) Plaintiff alleges that Defendant Brazier transferred him to

another unit to avoid further conflicts between her and Plaintiff. This on its face appears to be a legitimate penological reason for the transfer.

Plaintiff has failed to state a retaliation claim against Defendant Brazier for transferring him to another unit. Again, no useful purpose would be served by granting yet another opportunity to amend.

## IV.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:  March 26, 2014                 /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE